UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD ALTBAIER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOWN-LITE INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 19-cv-04348-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Docket No. 29 |

On August 6, 2019, this Court denied Plaintiffs' Motion for a Temporary Restraining Order and stayed the case for a brief time, noting that if the Ohio district court continued to exercise jurisdiction, this Court would issue an order to show cause why the case should not be dismissed. On August 16, 2019, Plaintiffs filed a Motion for Leave to File a Motion for Reconsideration.

## I.  DISCUSSION

A.  Legal Standard

Under Civil Local Rule 7-9, a party must seek leave of the court to file a motion for reconsideration. N.D. Civ. L.R. 7-9(a). To prevail, a party "must specifically show reasonable diligence in bringing the motion" *and* establish one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Civ. L.R. 7-9(b). Motions for reconsideration are generally disfavored and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Gray v. Golden Gate Nat. Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011) (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

B. Analysis

Plaintiffs ask the Court to reconsider its previous order "on the grounds that: (1) there was an emergence of new material facts occurring after the time of the interlocutory order; and (2) the order represents a manifest failure by the Court to consider material facts which were presented to the Court before such interlocutory order." Motion for Leave to File Motion for Reconsideration ("MFL") at 1, Docket No. 29. The new material fact emerges from Plaintiff's discovery ("[s]ubsequent to the hearing") that "Defendant is not registered with the California Secretary of State to conduct business in California – and that under pertinent legal authorities any contracts it entered into with Altbaier in California would thereby be voidable by Altbaier." *Id.* at 2. Plaintiff alleges that the "manifest failure by the Court" stems from both the Court's "holding that the 2013 Shareholder Agreement was not a condition of employment for Altbaier" and from the Court's "fail[ure] to provide plaintiffs with adequate notice to present further material facts to address the first-to-file arguments." MFL at 10–11.

1. New Material Fact

With respect to the claim that a new material fact emerged, Plaintiffs allege that "[f]ollowing the August 6, 2019 hearing . . . Plaintiffs sought to determine whether to serve Defendant with the Summons issued by the Court and discovered that that [sic] there is no registered agent for service for Defendant listed with the California Secretary of State – and no record that Defendant was ever registered to conduct business within the State. Thus, contrary to

Defendant's representations,[1] public records indicate Defendant is not – and has not ever been – registered to conduct business in California." MFL at 7. Plaintiffs contend that this fact enables Mr. Altbaier to "void the 2009 Employment Agreement and the 2013 Shareholder Agreement and thus prevail on Plaintiffs' Motion for TRO." *Id.* at 9. Plaintiffs further argue that Mr. Altbaier's ability to void the Agreements "further warrants maintaining this action in California, as without those Agreements there can be no enforceable TRO in Ohio and the only claim at issue in Ohio is a claim for misappropriation of trade secrets under Ohio state law." *Id.* at 9.

In requesting leave to file a Motion to Reconsider, a party "must show that *in the exercise of reasonable diligence* the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Civ. Loc. R. 7–9. Plaintiffs contend that they discovered that Defendant was never registered to conduct business in California after the August 6, 2019 hearing, when they "sought to determine whether to serve Defendant with the Summons issued by the Court and discovered that that there is no registered agent for service for Defendant listed with the California Secretary of State." MFL at 7. But Plaintiffs fail to demonstrate why this public fact would not have been discovered earlier had Plaintiffs exercised reasonable diligence. A quick online search could have provided Plaintiffs with this information about Defendant prior to the August 6, 2019 hearing. It does not appear that they investigated Down-Lite's registration with the California Secretary of State at any point prior to the hearing.

Moreover, it is notable that Mr. Altbaier was "the founder and head of Defendant's Outdoor division, and the face of Defendant to all Outdoor division customers, suppliers, and business partners for many years." MFL at 9 (internal quotations, brackets, and citations omitted). He was also described as "a key employee who reported to Defendant's CEO and the Board of Directors." *Id.* Given Mr. Altbaier's level of seniority, his long tenure with Down-Lite, and his

---

[1] Plaintiffs appear to refer to the part of the August 6, 2019 hearing in which the following interaction occurred:

> THE COURT: But Down-Lite does do business in California, I take it.
> MR. FISHER [Counsel for Defendant]: Certainly.

Transcript of Proceedings held on August 6, 2019, Docket No. 28.

3

involvement with the company's "customers, suppliers, and business." It is unlikely that he would not know that the company was not registered to do business in California had he exercised reasonable diligence.

In any event, this "new" fact does not alter the analysis of the first-to-file rule. Even if voiding the Employment and Shareholder Agreements obviates the forum-selection clause in the Shareholder Agreement, the fact that Down-Lite filed its case in Ohio first counsels against this Court assuming jurisdiction and/or entering a restraining order that would conflict with those proceedings. As the Court further explained in its Minute Order: "The need for comity is underscored by the fact that a TRO has already been issued in Ohio (and the motion for a preliminary injunction will be held [on August 7, 2019]); essentially, the Plaintiffs in the case at bar are asking the Court to overturn an order of another court. The Court declines to do so." Minute Order from August 6, 2019, Docket No. 26. The following exchange with Plaintiffs' counsel further proves the point:

> THE COURT: So the TRO, I assume, extends to California, as we sit here right now, or at least the TRO that was issued by the Ohio court.
>
> MS. CLAWSON: That is correct.
>
> THE COURT: So if this court were to issue a TRO going the other direction, how could there not be a conflict?
>
> MS. CLAWSON: I agree, Your Honor. I think there would be a conflict in that event, and that is why we had moved to consolidate these actions.

Transcript of Proceedings held on August 6, 2019, Docket No. 28. Plaintiffs are free to assert their arguments about the voidability of the parties' Employment and Shareholder Agreements in the district court in Ohio. The Ohio court is perfectly capable of determining the relevance of this "new" fact. Ohio remains the proper venue for this case.

2. Failure to Consider Material Facts

Plaintiffs also contend "that there was a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." MFL at 2, 9–10. First, Plaintiffs contend that "by holding that the 2013 Shareholder

4

1 Agreement was not a condition of employment for Altbaier, Plaintiffs submit the Court may have
2 overlooked material facts." MFL at 10.  More specifically, Plaintiffs argue that the Court's
3 "Minute Order relies on Magistrate Judge Bowman's analysis . . . however, there were arguments
4 raised in Plaintiffs' Reply papers in this action that are not accounted for in the Ohio court's
5 analysis." *Id.*  There are several problems with these assertions.  First, the Court did not blindly
6 adopt Judge Bowman's analysis.  As the Court explained in its Minute Order from August 6,
7 2019: "The Court has read Judge Bowman's order from the federal action in Ohio (1:19-cv-00627-
8 SJD-SKB, Docket No. 15) and agrees with Judge Bowman's analysis. Moreover, the Court finds
9 that even if it applied the first-to-file rule *de novo*, it would reach the same conclusion."  Thus, to
10 the extent that Plaintiffs suggest that the Court relied solely or cursorily on Judge Bowman's
11 analysis—and neglected to conduct its own examination—it did not.

More critically, the Court did not rule on whether the 2013 Shareholder Agreement was a condition of Mr. Altbaier's employment.  It did not need to reach that issue to determine that the first-to-file rule should apply to this case.

Plaintiffs also argue that the Court "failed to provide plaintiffs with adequate notice to present further material facts to address the first-to-file arguments." MFL at 11–12.  But Defendant dedicated substantial discussion to the first-to-file rule in its Opposition Brief responding to Plaintiffs' Request for a Temporary Restraining Order. Opposition at 9–12.  To the extent that Plaintiffs now seek to marshal additional arguments as to why the first-to-file rule should be ignored in this case, MFL at 11–13, the Court finds those arguments untimely, unpersuasive, and not a convincing basis warranting reconsideration.

///
///
///
///
///
///
///

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to File a Motion for Reconsideration.

This order disposes of Docket No. 29.

**IT IS SO ORDERED**.

Dated: September 4, 2019

_____
EDWARD M. CHEN
United States District Judge